## HADLEY v. STUART.

62 267
98 153

1. **Resulting Trust:** FACTS NOT CONSTITUTING. Where a testator provided in his will that his widow should have the use and benefit of his farm for the support and education of his children until one of them should become of age, and that it should then be sold, and the proceeds be divided among his heirs, but the widow, with no further power, sold the land and gave a bond to the purchaser to procure for him a good title in the future, and then purchased other land with the consideration money, *held* that the widow conveyed only her own interest in the land, whatever that was, and that the interest of the heirs remained intact; that the consideration money paid the widow in excess of her interest was in consideration of her bond; that the heirs had no resulting trust estate in the land purchased by the widow, and that the plaintiff, one of the heirs, did not acquire such trust estate by the fact that he was induced by the widow, after his majority, to convey his interest in the original land to the widow's grantee, upon her representation that she held the land purchased by her in trust for the heirs.

2. **Estates of Decedents:** REALTY TREATED AS PERSONALTY. While, under the provisions of a will, realty directed to be sold may sometimes be treated as personalty, the facts in this case do not warrant the application of the rule.

*Appeal from Guthrie Circuit Court.*

FRIDAY, DECEMBER 7.

ACTION in equity to establish a trust in certain land em-

braced within the town plat of the town of Stuart, Guthrie county. The defendant demurred to the plaintiff's petition, and the demurrer was overruled. From the order overruling the demurrer the defendant appeals.

*Charles S. Fogg*, for appellant.

*J. H. Applegate*, for appellee.

ADAMS, J.—The land in question is an undivided sixth part of eighty acres. The facts as shown by the petition are in substance as follows: The defendant's title, whatever he has, was acquired in 1868 by deed from one Deborah B. Lewis, formerly Deborah B. Hadley, the plaintiff's grandmother. She had purchased the property in 1857, and taken the title in her name. The plaintiff claims that she purchased it in part with money that belonged to his father, one Amos Hadley, who has since died intestate; that a trust resulted to Amos Hadley, and that upon his death his beneficial interest in the land descended to the plaintiff. Respecting Amos' interest in the money with which the land was purchased, the facts set out are as follows: It was purchased with certain money which Deborah acquired in the sale of certain land in Indiana. This land formerly belonged to Deborah's husband, Wm. M. Hadley, who died testate in 1845. The land constituted his farm. In his will he made a devise of it in the following words: "It is my will that she (Deborah) have the use and benefit of my farm to raise and educate my children, until my son Thomas arrives at the age of twenty-one years, and at that time it is my will that my real estate all be sold, and the proceeds arising therefrom be equally divided between all my heirs." The will also provided that if Deborah ceased to remain a widow the real estate should be sold and divided equally between the heirs. By the will, one Joseph Hadley was appointed executor, who qualified and administered, and was discharged many years ago. Thomas died in 1850, at

*1. RESULTING trust: facts not constituting.*

the age of fourteen. The sale of the Indiana land by Deborah was made in 1855. Afterward she married one Lewis. Amos, the plaintiff's father, was one of the testate's heirs. He died in 1862. In 1855, at the time of the sale by Deborah, Amos was a minor. He did not join in her conveyance, but, after he became of age, in 1861, he executed a separate deed of the land to her grantee. Before that time, Deborah had used the money which she received from the grantee, in the purchase of the land in question in Guthrie county. Amos was paid nothing at the time he executed his deed, nor at any time. Deborah had given a bond whereby she obligated herself to procure a good title to be made to her grantee, and Amos was induced to execute a deed in order to discharge his mother from the bond, so far as his deed would have that effect; she representing to him that she had used the money which she received for the land in the purchase of the Guthrie county land, and that she held the latter in trust for her husband's heirs. When Deborah sold and conveyed to the defendant, Stuart, she informed him that the plaintiff, as heir of Amos, and then a minor, had an interest in the land. The foregoing are the material facts set out in the plaintiff's petition and relied upon by him; and the question presented is as to whether they constitute a cause of action.

They do not, unless it appears from them that the money with which Deborah purchased the Guthrie county land belonged, in part at least, to Amos. To determine how this is, we need to go back to W. M. Hadley's will. As to the interest which Deborah took under the will, the parties are substantially agreed. The plaintiff in his argument says: "The widow had only the use and benefit of the farm (the Indiana land) for the purpose of raising and educating the children." That she had that much during the time limited there is no ground for dispute, and no dispute in fact. Now, her interest being settled, there would seem to be no difficulty in arriving at the interest of the so called heirs. Un-

der the will, they took the remaining interest. The farm, then, passed to the heirs, subject to the widow's right to the use and benefit thereof during the time limited. Whether her right as devisee of the use and benefit had terminated at the time of her sale, we need not inquire. The plaintiff claims nothing upon the theory that it had not, and we shall treat the case as if it had. At the time, then, of the sale by Deborah, the land belonged to the heirs, and no one else. If she was entitled to anything under the denomination of heir, then her sale, of course, carried her interest, legal or equitable. Whether it had the effect to carry the interest of the others depends upon whether she had the power to sell and convey their interest. It does not appear that either she or her grantee claimed that she had. Her grantee was not satisfied with her deed, but exacted a bond, and a bond was given by her, conditioned that she would thereafter procure a good title to be made. Their view as to her want of power to sell and convey the interest of others was unquestionably correct. She could derive such power only from the will, and there is no pretense that the will conferred it. The will merely provided that the land should be sold, and appointed a person to execute the will. Whether the executor had the power to sell without being expressly clothed with such power, we need not determine. The important fact is that, whoever may have had the power to sell, the widow had not. As, then, her sale and conveyance carried no interest other than her own, and was not understood to carry any other, the money paid her, other than for her own interest, was paid her for her bond. No copy of her deed is set out, but, as she had no power to convey any interest but her own, we will not assume that she attempted to do so. Whatever interest, then, Amos, through whom the plaintiff claims, had in the land, that interest remained to him after Deborah's sale, the same as before. Having been divested of nothing by Deborah's transaction, he acquired nothing by it. He acquired no interest in the money paid to her. It was all rightfully

hers, and she needed it to enable her to protect herself against her bond. She had yet to procure a complete title to be made, and at her expense. The matter stood in this way until Amos became of age, and until some years after Deborah purchased the land in her name in Guthrie county, which the plaintiff is seeking to reach. When Amos became of age, he was applied to for a deed of his interest in the Indiana farm. For reasons satisfactory to himself, he was induced to give the deed. Up to that time he could have had no interest in the Guthrie county farm by reason of his interest in his father's estate, because that interest had remained intact in the Indiana farm. If, then, he acquired any interest in the Guthrie county land, he acquired it at, or subsequent to, the time when he parted with his interest in the Indiana farm. The petition avers that Amos' deed was executed upon representations made by Deborah that she would hold for him an interest in the Guthrie county land. Whether he had any intention of claiming as against his mother, as the plaintiff now claims as against her grantee, a trust estate of apparently so little value as an undivided sixth interest in the eighty acres of land in question, it is not important to consider. The plaintiff's trouble is that, in the absence of an express trust created in the real estate in writing, he must rely upon a resulting trust, and under no pretense could such trust exist, except by the use of his father's money in the purchase of the land. But, as we have seen, the money used was Deborah's, the consideration for it having been furnished by her, and her alone.

We ought, perhaps, in this connection, to notice a position taken by the plaintiff, and that is that the Indiana land, by reason of the fact that the testator directed it to 2. ESTATES of decedents; realty treated be sold, and the proceeds divided, is to be treated as personalty. as personalty. He cites for the support of his position *Rumsey v. Durham*, 5 Ind., 71. But the rule enunciated has, we think, no application to the question before us. Where under a will realty is to take one direc-

tion and personalty another, it may be that land directed to be sold is to be regarded as personalty, in the sense that the proceeds of it, when sold, are to take the direction of personalty. But, in the case at bar, however we might for certain purposes denominate the land directed to be sold, the fact remains that Amos' interest attached to the land at the death of the testator, and was not divested until he parted with it by his own act, which fact is inconsistent with the idea that he acquired an interest in the money paid long before by Deborah for the land in question. If Amos parted with his interest upon the supposition that in consideration thereof he was to have an interest in the Guthrie county land, he should have demanded a deed, or, if the legal title was to remain in Deborah, he should have demanded a writing, by which alone his trust estate can be evidenced. The plaintiff has been obliged to predicate his case upon the existence of a resulting trust, and we have to say that we think that his petition does not show it. We think that the demurrer should have been sustained.

REVERSED.