JONAS R. GRINDEM, Appellant, v. ALENE J. GRINDEM *et al.*, Appellees.

**Will:** CONDITIONAL DEVISE: ELECTION OF DEVISEE.  By the terms of a will the homestead was given to the testator's daughter, "provided that my said daughter  *  *  *  shall make my said homestead her home; otherwise she is to receive in lieu thereof the sum of three hundred dollars." *Held,* that the devise was conditioned upon the daughter's occupation of the homestead, and that by abandoning the homestead, and taking up her residence elsewhere, she elected to take the bequest of three hundred dollars in lieu of the devise.

*Appeal from Story District Court.*—HON. S. M. WEAVER, Judge.

FRIDAY, OCTOBER 13, 1893.

THIS is a suit in equity between the legatees and devisees under the last will and testament of I. J. Grindem, deceased. There was a demurrer to the petition, which was sustained, and the petition was dismissed. The plaintiff appeals.—*Reversed.*

*J. F. Martin*, for appellant.

No appearance for appellee.

ROTHROCK, J.—The rights of the parties depend upon the proper construction of the said will. The following is a copy of that instrument:

"I give to my daughter Seri the sum of one hundred dollars, to be paid out of my estate, as hereinafter provided. To my daughter Martha Johanna I give, devise, and bequeath the sum of twenty-five dollars, to be paid her in like manner. To my daughter Karen Sophia I give, devise, and bequeath the sum of twenty-five dollars, to be paid in like manner with the above described. To my daughter Alene Josephine I give, devise and bequeath the block of land on which my

house stands, said block to be of the same size and dimensions as the block laying immediately north of my house; also the house I am now living in, and known as my homestead, and furniture and interests therein contained, provided that my said daughter Alene Josephine shall make my said homestead her home; otherwise she is to receive in lieu thereof the sum of three hundred dollars, to be paid to her when my son, Jonas Reggiens, shall have attained to the age of twenty-one years. To my daughter Johanna Severin I give and bequeath the sum of fifty dollars, to be paid her in like manner, at the majority of my son, Jonas Reggiens. And, lastly, to my son, Jonas Reggiens, I give, devise, and bequeath all the residue of my property, both real and personal, of which I shall die seized, and which shall remain after the above mentioned sums shall be paid to my above named daughters, provided that my son, Jonas Reggiens, shall have, hold, and enjoy all the property of which I shall die seized, and remaining after my just debts shall have been paid, until he shall have attained to the age of twenty-one years, when my daughters above mentioned shall be paid out of the said property, personal and real, the respective portions allotted and bequeathed to them.''

The plaintiff is the son named in the will as Jonas Reggiens, and it is averred in the petition, in substance, that he is now twenty-one years old, and that the defendant Alene Josephine long ago abandoned the said premises as her home, and took up her residence elsewhere, and has never made said homestead her home, and that, by reason of said abandonment, the plaintiff has become the absolute owner of the real estate to which said Alene Josephine would have been entitled if she had not abandoned the same, and that he is now in possession of the same. It is further averred in the petition that said Alene Josephine elected to take the three hundred dollars provided for

in said will, and that the plaintiff has tendered to said Alene Josephine the three hundred dollars due her, and brings the same into court for her.

The will was admitted to probate in the month of February, 1889. There was a general demurrer to the petition, which was sustained, and the sole question presented on this appeal is whether the devise of the real estate in controversy to Alene Josephine was absolute, and the proviso therein void, or whether the devise should be held to be conditional and inoperative in case the devisee should elect to make the homestead of her mother "her home." The district court held that the devise was absolute. It appears to us that it was conditional, or rather that, by the plain language of the will, Alene Josephine was given her choice to take the real estate absolutely, or to take three hundred dollars. She could not have both, and, by failing to make her home on the homestead, she elected to take the three hundred dollars. The proviso is not merely precatory or recommendatory in character. It is an absolute provision that, if the devisee does not make the property her home, she shall receive "in lieu thereof the sum of three hundred dollars." This as plainly provided that she shall not have the land unless she makes it her home as if the will had so declared in express words. We have recently had occasion to examine the question as to the proper construction of a will where the same question was involved which we have in this case. See *Stivers v. Gardner*, 88 Iowa, 307. Much that is said in that case as to the proper rules of construction of a will is applicable to this case, and it appears to us that the decision in that case is really decisive of this. The ruling of the district court sustaining the demurrer is REVERSED.