EDWIN B. WILHELM, Executor of the Estate of MARY WILHELM, Appellant, v. CHARLES A. CALDER, Administrator, et al.

**Construction of Will.** The will gave the wife a share of the net income of the entire estate, to be paid in monthly installments, and provided that such share of the income should be added to, if needed, to make a stated sum. It gave the residue of the estate to named children with the provision that the executor should hold it until the wife died, and if she died before the youngest child became of age, until such child attained its majority, at which time the executor should divide the estate remaining, equally between "the children then living." *Held*,

    a. The estate did not vest in the children at testator's death, hence the representatives of one of the children who died during the life of the widow and before the youngest child became of age took no interest in said estate.

    b. The rule that where there is an absolute devise to a specified person, subsequent limitations are void for repugnancy, has no application.

    c. Said representatives can take nothing under a provision that if any surplus remains after paying debts and other directed expenditures, the executor, at the end of the year, shall pay each child such share as such surplus shall warrant.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

FRIDAY, MAY 21, 1897.

SUIT in equity for the construction of the will of C. E. Calder, and for a division of his estate. The lower court sustained a demurrer to the plaintiff's petition, and he appeals.—*Affirmed.*

*Jamison & Smyth* for appellant.

*Rickel & Crocker* for appellees.

DEEMER, J.—This suit involves a construction of the will of C. E. Calder, deceased, who died testate at Cedar Rapids on December 31, 1889. The material parts of his will are as follows: "I give and bequeath to my wife, Alcinda A. Calder, my family horse, buggy, and harness, and all of my household furniture of every kind and nature used by us in and about our homestead. I also give and bequeath to my said wife the one-third ($\frac{1}{3}$) of the net income of my whole estate, to be paid to her in monthly installments by my executor hereinafter named, commencing thirty days from and after my death. And, in the event that such monthly installments should not equal the sum of seventy-five (75) dollars per month, my said executor shall pay to my said wife enough out of the remaining funds of my estate to make her income at least seventy-five (75) dollars per month, and shall also pay to my said wife out of the income of my estate, after deducting the one-third ($\frac{1}{3}$) above mentioned, going to her, a reasonable compensation per month for the care, maintenance, clothing, schooling, and support of all my minor children until each shall become of lawful age, as may be agreed upon by my said wife and my said executor. And also, in the event that my said wife shall elect to build her a home on any of my property, the said executor is hereby

authorized, empowered and directed to erect such home for my said wife out of the remaining two-thirds (⅔) of the funds of my said estate, not, however, exceeding the sum of thirty-five hundred ($3,500) dollars to be expended therefor; but the title of such home shall remain in my said estate, subject to the use of same by my said wife during her life as a homestead only. The allowance above provided for my said wife shall be paid her during her life, and at her death said executor shall provide the means from my said estate for payment of last sickness, funeral expenses, proper burial, and suitable monument. The above provision made for my said wife shall be received by her in lieu of all dower, right, title, and interest in and to my said estate. 2d. The residue of my estate, both real and personal, I give and bequeath to my children, viz., Mary E. Calder, Edith M. Calder, Chas. A. Calder, Adeline E. Calder, Lewis B. Calder, Cornelia C. Calder, and George A. Calder, equally; but the said property is to be held by my said executor hereinafter named until after the death of my said wife, Alcinda A. Calder. And, in the event that my said wife shall die before the youngest of my surviving children become of age, then said property shall he held by my said executor until my said youngest surviving child shall become of age, at which time the whole of the remaining part of my said estate shall be divided equally between my said children then living, share and share alike, and descend to them in fee simple." "After all of my debts are fully paid and discharged, should any surplus moneys remain in the hands of my executor, over and above what will be actually necessary to provide for the payment already directed, my said executor at the end of any year shall pay to each one of my children such sum of money as the surplus on hand will warrant. And should any of my said children at the time of

such payment not be of age, the amount going to such child or children, shall be retained by my said executor, and loaned by him for the use and benefit of such child or children until they become of age, and when they become of age, he shall turn the same over to them. The payment made to each of my said children shall be equal, each sharing alike." Appellant is the executor of Mary E. Wilhelm (formerly Mary E. Calder), the person of that name mentioned in this will, who died during the lifetime of her mother, Alcinda A. Calder, and before the testator's first child became of age, and, as such, claims that under the second and fourth clauses of the will the interest of the children named therein, including Mary E. Wilhelm, vested at once on the death of the testator, and that the time of enjoyment, only, was postponed. The argument is, that it is the duty of the court to so construe the terms of a will as to create a vested estate, if possible; and that the intent to postpone the vesting of an estate must be clear and manifest. Appellant further insists upon the application of this rule: "That when an estate or interest in lands is devised in clear and absolute language, without words of limitation, the devise cannot be defeated by a subsequent contradictory provision, or a condition inferentially raising a limitation upon the devise or bequest."

Looking now to the first and second clauses of the will, it is perfectly clear that the testator did not intend that the estate should vest in his children in any event until after the death of his wife, for certain charges are created upon it by the first paragraph which make present vesting entirely impracticable. The will also expressly provides that, in the event his wife should die before the youngest of the surviving children shall have become of age, then the property shall be held by the executor until said

child becomes of age, at which time the whole of the remaining estate shall be divided equally between his children then living, share and share alike, and descend to them in fee simple. Clearer language to postpone the vesting of his estate could hardly have been selected by the testator. As the record shows that Alcinda A. Calder is yet alive, and was made a party to this suit, and further discloses the fact that she accepted the provision made for her by the will in lieu of dower, as by statute provided, there is no doubt whatever of the correctness of the ruling on the demurrer. Any other construction would render nugatory some of the language of the will, and thwart the manifest intent of the testator; for he evidently intended to postpone the vesting of his estate in his children until the death of his wife, in the event she died before the youngest became of age. And in the event she should die after the happening of this contingency, then the surviving children only were entitled to take under the will. The case of *Ducker v. Burnham*, 146 Ill. 9 (34 N. E. Rep. 558), relied upon by appellant, does not announce a contrary doctrine. In that case the widow was dead, and the child who sought to take under the will was living,—exactly the reverse of the facts appearing in the case at bar. Again, the conditions of the two wills are manifestly so different that the same rule cannot be applied to the two cases. In the Illinois case, the will did not provide, as in this, that at the death of the wife the property should be divided between the children then living. The case of *Baker v. McLeod's Estate* (Wis.) 48 N. W. Rep. 657, also relied upon by appellant, is not in point. We need not review all the cases cited by appellant; for, as we have frequently said, cases are of little help, except as they settle rules and principles by which to arrive

at the intent of the testator, which is always the pivotal point of inquiry in such controversies as this.

It is argued, however, that there is an absolute devise to the children in the second paragraph of the will, and that any subsequent limitation or condition is void for repugnancy. In construing this paragraph, all of the language should be considered, for the presumption is that it was used advisedly and for a purpose; and the words used should be studied as a whole, in order to arrive at the testator's intent. Scanning the paragraph as a whole, it is clear that there is an absolute devise to such of the children as should survive at the time the youngest of them became of age, but it was not to vest until the happening of two events: *First*, the death of the widow; and, *second*, the arrival at age of all the minor children. There is no room for application of the doctrine relied upon by appellant, and referred to in the cases of *Bills v. Bills*, 80 Iowa, 270 (45 N. W. Rep. 748); *In re Proctor's Estate*, 95 Iowa, 172 (63 N. W. Rep. 670), and cases cited. The case is more like *Jordan v. Woodin*, 93 Iowa, 453 (61 N. W. Rep. 948), and *Grindem v. Grindem*, 89 Iowa, 295 (56 N. W. Rep. 505), than any to which our attention has been called. It may be observed in passing that, in the opinion of the writer, a majority of this court has, against his protest, entirely abrogated the rule upon which appellant relies. See *Iimas v. Neidt*, 101 Iowa, 348 (70 N. W. Rep. 203). But, be this as it may, we are all agreed that this case does not fall within the rule. Appellant is not entitled to anything under the fourth paragraph of the will, for it is evident that the surplus money therein referred to was to be divided among his children; not bequeathed to their representatives. Appellant, as executor of the estate of one of the children mentioned in this will, has no interest in the

property left by Charles E. Calder at his decease, and the judgment of the district court so declaring is AFFIRMED.