MARTHA LENA BLADT et al., Appellees, v. MARY BLADT, Appellant.

**WILLS:**   Estates Created—Remainders—Vested(?) or Contingent(?)
A contingent remainder is created by a devise of a life estate with power of sale, but with a proviso that, in case of sale, one third shall *then* pass absolutely to the former life tenant, and the remaining two thirds shall *then* be equally "*divided*" between the certain named children or grandchildren of the testator who are *then* living.

*Appeal from Pottawattamie District Court.*—O. D. WHEELER, Judge.

MARCH 15, 1921.

REHEARING DENIED OCTOBER 1, 1921.

ACTION to quiet title to real estate in plaintiffs against the defendant, and to settle the title by an interpretation and con-

struction of a will. Decree for plaintiffs, and defendant appeals. Facts are set out in the opinion.—*Affirmed.*

*J. C. Spangler* and *F. A. Turner,* for appellant.

*W. H. Killpack,* for appellees.

ARTHUR, J.—The facts are without dispute. The cause was decided on the sustaining of a demurrer to the answer and cross-petition of defendant.

Jurgen Bladt was a farmer, residing in Pottawattamie County, and was the owner of several hundred acres of land in that county and some real estate in South Dakota. He died in April, 1915, testate, leaving surviving him Martha Lena Bladt, his widow, and ten children. His will was admitted to probate. The widow and nine of the children, being all of the children except George Bladt, are the plaintiffs in this action. George Bladt died testate, on or about the 9th day of February, 1917, shortly after the death of his father, Jurgen Bladt, leaving the defendant, Mary Bladt, as his widow surviving. The will of George Bladt was admitted to probate, by which will his widow, Mary Bladt, received his entire estate. Martha Lena Bladt, the widow of Jurgen Bladt, testator, is in possession under the terms of the will, of the land of which Jurgen Bladt died seized, and all the children of Jurgen Bladt are still living, except the son, George Bladt.

The foregoing facts were alleged by plaintiffs in their petition, and the same facts were alleged by the defendant in her answer and cross-petition. Plaintiffs demurred to the answer of defendant. The issue was of law, arising from plaintiffs' contention that George Bladt had nothing but a conditional or contingent remainder, under the will, in the real estate involved, and that, therefore, his widow, defendant and appellant, had no interest whatever in the real estate devised; and the claim of the defendant was that her deceased husband, George Bladt, took a vested remainder, under the will of his father. Both parties agreed that, if the defendant in this cause took anything, it would be through her husband, George Bladt. It is also conceded that, at the time of the death of George Bladt, there had

not been any division of the property or any disposition of it in any way.

The paragraph of the will upon which this cause turns is as follows:

"I will and bequeath unto my dear wife, Martha Lena Bladt, all of my property, real, personal and moneys and credits during her natural life, if she shall desire to hold the same, she to have the right to keep up the improvements, traffic in farm produce and stock, the same as if I were there myself. And should she wish to dispose of all of my estate or in part, it is my wish and I direct that after deducting her one-third residue, the balance remaining shall be divided between our issue, namely [naming them], they to share and share alike. And should any of my issue not be living when the division is made then their share goes to their issue if any and if none and there should be no issue then the share of our deceased issue reverts to those of our issue living, share and share alike."

The court below sustained plaintiffs' demurrer to defendant's cross-petition, thus holding that, under a proper construction of the will of Jurgen Bladt, George Bladt, at the time of his death, had no vested interest or remainder in the property left by Jurgen Bladt, and that, therefore, the defendant, Mary Bladt, had no right, title, or interest in and to the property left by Jurgen Bladt. Defendant elected to stand on the ruling on demurrer, and decree was entered in favor of plaintiffs, from which defendant prosecutes this appeal.

Testator first provides for possession and use by his wife, with the power of sale in her if she wishes to sell; then provides for a certain division; then, in the same paragraph for a division, uses the following language:

"And should any of my issue not be living when the said division is made, then their share goes to their issue, if any, and should there be no issue then the share of our deceased issue reverts to those of our issue living, share and share alike."

It is clear that testator intended his real estate to go to his own issue, and to only his own blood; and that he intended to exclude any persons who were not of his own blood. The general rule is that the law favors vested remainders. This rule is so well known and recognized that authorities need not be

cited. But such rule in no way forbids or excludes contingent remainders when such appear from the clear provisions of the will. When one takes only a contingent remainder in real estate or a remainder conditioned upon the happening of a future event, or upon his living until a certain time or until a certain thing happens, he must live until the time, or until the event occurs, in order to take any interest in the real estate. *McClain v. Capper*, 98 Iowa 145; *Atchison v. Francis*, 182 Iowa 37; *Wilhelm v. Calder*, 102 Iowa 342; *Taylor v. Taylor*, 118 Iowa 407; *Kierulff v. Harlan*, 150 Iowa 671, 675; *Horner v. Haase*, 177 Iowa 115; *Fulton v. Fulton*, 179 Iowa 948. It would seem quite clear that the remainder in the case before us was contingent, and not vested, because of the following provision of the will:

"And should any of my issue not be living when the said division is made, then their share goes to their issue if any and if none and should there be no issue, then the share of our deceased issue reverts to those of our issue living, share and share alike."

The quite recent case of *Atchison v. Francis*, 182 Iowa 37, distinguishes the cases where there is a vested remainder from those cases where there is to be a division among certain parties who are living at a fixed future date, or at the happening of a future contingency; and reviews cases involving those propositions. In the *Atchison* case, the remainder devised was held to be a vested remainder. The provision in the will was entirely different and clearly distinguishable from the one before us; and the opinion in the *Atchison* case in a very illuminating and able fashion points out the difference between the provisions of the will in the *Atchison* case and provisions such as we have before us, and the proper interpretation and construction to be given to such will provisions, and is authority for the construction of the will in the instant case, as contended for by appellee, that George Bladt had only a conditional or contingent remainder, and not a vested remainder, as contended by appellant.

In *McClain v. Capper*, 98 Iowa 145, the will clause under construction was as follows:

"I will and bequeath to my beloved wife, during the minority of my children, the entire use and benefit of my real estate,

for the purpose of supporting and educating my children; and, when my youngest child arrives at full age, I desire that the real estate (after my wife's dower interest is set off to her herein) be equally divided between my children [naming them] their heirs, or survivors of them.''

One of these devisees died before the youngest child reached his legal majority, and, in discussing that situation, we said:

''It will not be doubted but that, if Margaret Jane had lived till the youngest child of John Capper had attained his majority, the devise to her would have been perfect. We are, then, to deal with the legal effect of her decease before that time. In other words, did she, at her father's death, take a vested or a contingent interest in the land? * * * 'When the only gift is in the direction to pay or distribute at a future age, the case is not to be ranked with those in which the payment or distribution only is deferred, but it is one in which time is of the essence of the gift.' * * * There are no words of gift or grant, except the direction for a division, which, of course, means that, when the time arrives, the interest shall vest in the proportions indicated. * * * These rules of construction are intended to reflect the intent of the testator, which is, in all cases, to govern; and such is our aim in their application. * * * It seems to us that, under the rules cited, the time fixed for the division is annexed to the gift or devise, and not to the payment; so that the interest of Margaret Jane did not vest during her life, and hence she had no property in the land that she could devise.''

In the clause of the will under consideration in the instant case, there are no words of gift or grant to children, but only a direction for division, as follows:

''And should she [the wife] wish to dispose of all of my estate or in part, it is my wish and I direct that after deducting her one-third residue, the balance remaining shall be .divided between our issue, namely [naming them], they to share and share alike.''

Then follows the provision that, if any of the testator's issue be dead at the time of division, then the share is to go to that child's issue, if any, or to the testator's issue then living.

In *Baker v. Hibbs*, 167 Iowa 174, we announced the rule:

"It is a general rule that, where there is a devise of a life estate with a remainder to a class, those members of the class, and those only, take who are in existence at the time fixed for distribution. And if none of them are in existence, the gift fails."

*Wilhelm v. Calder,* 102 Iowa 342, 344, was a cause in equity, brought for the construction of a will, and was instituted when the life tenant (the widow) was still alive. The will gave a life estate to the widow, and then added:

"The above provision made for my said wife shall be received by her in lieu of all dower, right, title, and interest in and to my said estate. 2d. The residue of my estate, both real and personal, I give and bequeath to my children [naming them] equally; but the said property is to be held by my said executor hereinafter named until after the death of my said wife, Alcinda A. Calder. And, in the event that my said wife shall die before the youngest of my surviving children become of age, then said property shall be held by my said executor until my said youngest surviving child shall become of age, at which time the whole of the remaining part of my said estate shall be divided equally between my said children then living, share and share alike, and descend to them in fee simple."

This court held that the remainder was contingent, and not vested; that it would not vest until after the happening of two things, the death of the widow and the arrival of the youngest child at the age of majority.

In *Fulton v. Fulton,* 179 Iowa 948, the provision of the will under consideration was as follows:

"Upon the death of my wife, I direct that all my property, real and personal, shall be divided between my eight children [naming them]. In case of the death of any of said children without issue living, then the share of such child shall be divided equally among the surviving children, or their legal heirs."

This court, in construing that will, used the following language:

"There is one feature of this case that is quite decisive, and we give it our first attention. It will be noted that, by the terms of the will, the testator directed that, upon the death of his wife, all his property should be *divided* among his children, etc.

There is no other provision of the will whereby it purports to devise any property to any children. The *devise* to them is implied by the direction to *divide*, above quoted. In such a case, we have held repeatedly that the devise or gift is inseparable from the direction to divide; and where the directed division is, by the terms of the will, postponed to future date, the gift is likewise postponed. In such a case, the remaindermen take a contingent, and not a vested, remainder, where the will imposes the condition that the remaindermen survive the future event, or have issue.''

George Bladt, son of testator, and deceased husband of defendant, did not survive the event of the division mentioned in the Bladt will, and he therefore took nothing, and defendant, who claims through him, took nothing.

Counsel for defendant relies on *Blain v. Dean,* 160 Iowa 708, to sustain his contention that George Bladt took a vested remainder. The will provision there construed was as follows:

''If any of my children shall have died, leaving no issue, I direct that his share shall be divided among those leaving issue, and among my other children then living.''

Soon after the death of testator his daughter, Ethel Blain, died intestate, and a controversy arose as to whether she, had a vested interest in the real estate, under her father's will. That case turned upon the construction of the time to which the language of the will should be applied, and the court reached the conclusion that it should be applied to the date of the testator's death.

In the instant case, the future event referred to in the will is not a division to be made by the testator, or anything that he contemplated as happening during his life, but a division, to be made by his widow at her election, and at a time after his death, of her own choosing.

It seems clear that Jurgen Bladt intended to have his property pass to those of his children living at the time a division should be made. There could be no division during the lifetime of the wife, unless she should elect to take her distributive share, under the statute, instead of under the provisions of the will, which it is conceded that she has not done. She is still living, and in possession of the property under the will, but with the

right to sell or dispose of it at any time. No time has arrived or event happened which would cause vesting of the remainder estate.

The will under consideration belongs to that class of devises where there is direction that the property shall pass to persons of a class who are living at the time of the happening of some future event, and devises only a contingent remainder.

The decree and judgment of the trial court are affirmed.— *Affirmed.*

EVANS, C. J., STEVENS and FAVILLE, JJ., concur.