JESSA M. HORNER, Administratrix, et al., Appellants, v. WILLIAM HAASE et al., Appellees.

**WILLS:** Remainders—Contingent (?) or Vested (?). A remainder is contingent when it is so limited as to take effect (a) as to a person not *in esse,* (b) as to a person not ascertained, (c) upon an event which may never happen, or (d) upon an event which may not happen until after the determination of the particular estate. Will construed, and held to create a contingent remainder.

· PRINCIPLE APPLIED: A will devised all of testator's property to trustees, with power and direction to manage, and to pay the net income to the wife during her life. It then provided: *"Upon the death of my said wife,* all of my estate then remaining shall be taken absolutely . . . by my six children (naming them), *who may be living at that time,* and the issue of any such child who may be then deceased, such issue taking the share to which such deceased child would be entitled, if living. . . ." *Held,* the estate in remainder here created was contingent (1) on the child's outliving the wife, and (2), if the child did not outlive the wife, on the leaving of issue: therefore, the child who died before the death of the mother, and issueless, took no estate.

**WILLS:** Remainders—Construction—''Upon.'' A devise to a remainderman "upon" the death of the life tenant does not necessarily have reference solely to the time the estate *is to be enjoyed.* Such term may refer to the time of the *vesting* of the estate.

*Appeal from Scott District Court.*—M. F. DONEGAN, Judge.

THURSDAY, JUNE 29, 1916.

SUIT to construe a will resulted in the dismissal of the petition, and plaintiff appeals.—*Affirmed.*

*Healy & La Du, Ralph C. Williamson,* and *J. B. Faegre,* for appellant.

*Henry Vollmer,* for appellees.

LADD, J.—Otto Klug died testate, May 26, 1899, leaving him surviving his widow, Friedericka Klug, and six children, being defendants, other than the trustees, and Otto Klug, Jr.

His will was duly admitted to probate June 19, 1899, and, at the beginning of this suit to have the will construed, November 8, 1913, the executor had been discharged; and all the property of the estate, amounting to about $250,000 in value, was in the hands of the defendants, Haase and Warner, trustees. Otto Klug, Jr., departed this life, May 1, 1912, leaving a widow, who has since married and is administratrix of his estate and plaintiff in this suit. Friedericka died, October 9, 1913. She had elected to take under the will, and, in accordance with its terms, had been paid the income of the estate up to that time. The only question presented is whether the share of the estate devised to Otto Klug, Jr., vested in him upon the death of the testator, or was contingent upon his surviving the widow, Friedericka. After some preliminary matters, testator gave the portion of his estate not previously disposed of, to the German Trust Company of Davenport, as trustee, to which the present trustees are successors, in trust to hold and manage, with power to sell or mortgage the real estate, repair and improve the same, manage the personal property, invest the money and pay the income therefrom and pay all necessary expenses, including taxes, and turn over the net income to the widow. The will then proceeds:

1. WILLS: remainders: contingent (?) or vested (?).

"Upon the death of my said wife, all of my estate then remaining shall be taken absolutely, share and share alike, by my six children, Clara Petersen, Agnes Haase, Lillie Klug, Thekla Wagner, Otto Klug, and Elfriede Klug, who may be living at that time, and the issue of any such child

who may be then deceased, such issue taking the share to which such deceased child would be entitled if living; but this provision is subject to the following modifications and additions, viz: I have advanced to my son, Otto Klug, considerable sums of money in excess of any advances to my other children, and I direct that, before he or his representatives shall receive his share of my estate, it shall be charged with the sum of $4,000, which shall be deducted and divided equally among my five other children or their representatives. I further direct that, if my wife should survive me, and the trusts hereinbefore provided should become effective, and my son Otto should survive her, then he shall not take absolutely any part of my estate, but the one-sixth share of my estate to which he might be entitled as an heir at law (diminished by the said advancement of $4,000) shall be retained by the said German Trust Company as trustee for the said Otto Klug. My said trustee, or its successors, shall from time to time and at least semi-annually pay to the said Otto Klug the net income arising from said share of my estate, and shall only pay it to him personally. I expressly provide that any creditor, assignee, or any person claiming, or attempting to claim, by, through, under, or in the name or right of the said Otto Klug, shall have no right or power to compel the payment of said income, or any part thereof, to be made to him by said trustee. And my said trustee, and its successors, are hereby directed and required to withhold any and all such interest or income from the said Otto Klug whenever garnisheed or interfered with by any legal proceeding; and are furthermore directed and compelled, in the event of such legal proceedings, to retain the said income for the use and benefit of the family of the said Otto Klug, if he should have a family; or the said trustee may, in its discretion, pay to the said Otto Klug any part of the said income, but it shall not be compelled or liable so to pay any part thereof. My said trustee, or its successors, shall have the right and power to sell and convey, by good and sufficient deed or other instru-

ment of conveyance, any of the real or personal property belonging to this trust, upon such terms and conditions as it may think best for the interests of the trust.''

A clause follows, authorizing the trustees, five years subsequent to testator's death, if the trust is in force, to make conveyance or pay to said Otto all or any part of his share, and thereafter to do the same with any not previously so transferred.

''It is my specific intention that under no circumstances shall the said Otto Klug have any right or power or authority to compel the trustee to pay or convey to him any portion of the trust, either principal or interest, where by the terms of this will a discretion is given to the trustee in relation to making such payment. If at the death of my son, Otto Klug, my said trustee, or its successors, should retain any portion of the trust estate herein provided for said Otto Klug, then the said trust estate shall be absolutely distributed, the same as if the said **Otto Klug had** held the absolute title to the said trust property **and had** died intestate.''

If the wife died before testator, the devise was direct to the children, but with the same provisions as to the share of Otto, and care of it by trustees, as above. As testator's widow survived him and also Otto Klug, Jr., the sole issue is whether the interest of the latter under the will vested at the testator's death, or was contingent upon his outliving the widow, the life tenant. Title passed under the will to the trustee, but for specified purposes, first of which was to pay the net income of the estate to the widow during life. There is nothing in the will indicative of a purpose to pass title to other than the German Trust Company of Davenport, prior to her death. Until then, the income only is disposed of. It is upon her death that testator first undertakes to dispose of the estate, title to which, in the meantime, had rested in the trustee. The estate is then to be taken absolutely,—not the remainder or the life estate or income, but the entire estate; not by the children named, but by those who may be

living *"at that time"* and the issue of any such child who may be *"then"* deceased. If, by this, reference was had to the time of the life tenant's death, neither the children who would then be living nor the issue of any who had died could be ascertained from the will, even though aided by extrinsic evidence at the time of its admission to probate. Only upon the happening of the event, i. e., the death of the life tenant, might it be known who were entitled to share in the testator's bounty, and, therefore, the remainder was contingent.

" 'A remainder is contingent when it is so limited as to take effect as to a person not *in esse,* or not ascertained, or upon an event which may never happen, or may not happen until after the determination of the particular estate.' . . . If the gift is immediate, though its enjoyment be postponed, it is vested; but if it is future, and is dependent on some dubious circumstance, through which it may be defeated, then it is contingent. Hence it has been said that the point which determines the vesting is not whether time is annexed to the gift, but whether it is annexed to the substance of the gift as a condition precedent." *Taylor v. Taylor,* 118 Iowa 407.

"The uncertainty which characterizes a contingent, as distinguished from a vested, remainder, is uncertainty as to the person or the event, and not as to the time of enjoyment." *Jonas v. Weires,* 134 Iowa 47.

The word "issue" as found in the will evidently means children (*Brisbin v. Huntington,* 128 Iowa 166); and, at the time of testator's death, at which date the will spoke, no one could say what children might survive the life tenant, or whether there would be issue of those who were not then living. The uncertainty as to the persons who would take was precisely that said to render the remainder contingent. The rule is quite clearly stated by Gray, in The Rule against Perpetuities (3d Ed.), Section 108:

"Whether a remainder is vested or contingent depends upon the language employed. If the contingent element is incorporated into the description of or into the gift to the

remainderman, then the remainder is contingent; but if, after words giving a vested interest, a clause is added divesting it, the remainder is vested. Thus on a devise to A for life, remainder to his children, but if any child dies in the lifetime of A, his share to go to those who survive, the share of each child is vested, subject to be divested by its death. But on a devise to A for life, remainder to such of his children as survive him, the remainder is contingent.''

And the last clause of this rule has been frequently applied in cases like that at bar. *Wilhelm v. Calder*, 102 Iowa 342; *McClain v. Capper*, 98 Iowa 145; *Taylor v. Taylor*, 118 Iowa 407; *Olsen v. Youngerman*, 136 Iowa 404; *Birdsall v. Birdsall*, 157 Iowa 363; *Kierulff v. Harlan*, 150 Iowa 671.

The early case of *Latham v. Latham*, 30 Iowa 294, appears to be precisely in point. Indeed, this proposition stated and its conclusiveness as applied to facts of this case are so fully established by the opinions in these cases that elaboration is unnecessary.

Appellant contends, however, that the gift was *in præsenti,* and the enjoyment alone postponed. This is on the theory that, when the devise is to a remainderman ''upon,'' ''from or after,'' ''at or upon'' the death of the life tenant, or words of like import, such words ordinarily are employed as indicating the time the estate is to be enjoyed, and are not to be construed as relating to the vesting of the estate, unless the contrary is apparent from the context to have been the design. *Lingo v. Smith,* 174 Iowa 461. That these words definitely designate the time as that of the life tenant's death is not questioned. All that is held is that only when used in connection with language making the devise or bequest are they to be construed as having reference to the date of enjoyment. But this does not obviate the right of the testator to make the gifts as of that time, or exact a construction that this has not been done when the contrary clearly appears from other language of the will. Keeping in mind that the title

2. WILLS: remainders: construction: ''upon.''

to the estate first passed to the trustee, with directions as to the management and the payment of the net income to the widow during her life, we inquire when the trustee is to be divested of such title, and read the following clause of the will for answer.

"Upon the death of said wife, all of my estate then remaining shall be taken absolutely, share and share alike, by my six children (naming them) who may be *living at that time* and the issue of any child who may be *then* deceased, such issue taking the share to which such deceased child would be entitled if living."

It was only the portion of the estate *then* remaining that was disposed of upon the death of the life tenant, and this, absolutely, that is freed from the existing trust. By whom is this to be taken? By his six children? No, by those only who may be living *"at that time."* To what time does this have reference? Plainly enough, the only time previously mentioned, i. e., that of his wife's death. But if any of his children were *"then"* deceased, the issue of such child is to take the shares of their parents. The *"then"* plainly relates to the time of the life tenant's death. Language could not have been employed more definitely indicating the postponement of the gift until that time. The next paragraph confirms this construction by directing what shall be done with Otto's share should he "survive her," the widow; and there is no provision what should be done in the event he should not survive the widow, she surviving the testator. The case of *Blain v. Dean,* 160 Iowa 708, on which appellant relies somewhat, is not in point; for the holding was that the devise there considered was to one person with devise over to another in event of the death of the first named beneficiary without issue, and the court's reference was had to the death of such beneficiary before the will takes effect, although the time for its enjoyment be postponed to some future period or date of distribution.

We are of opinion that the vesting of the estate was

postponed until the death of the life tenant, and that, as Otto left no issue him surviving, the portion of the estate then remaining passed to the surviving brothers and sisters.— *Affirmed.*

EVANS, C. J., GAYNOR and SALINGER, JJ., concur.