W. H. SUTHERLAND et al., Appellants, v. BLANCHE GREEN et al., Appellees.

WILLS: Remainder—Vested (?) or Contingent (?). A devise of a life estate, with proviso that "from and immediately after the death" of the life tenant, the remainder shall pass to the *"surviving"* children of the life tenant, creates a *contingent* remainder.

*Appeal from Adair District Court.*—LORIN N. HAYS, Judge.

MAY 16, 1921.

THIS is, in form, a suit in partition of real estate. The defendants denied the interest of the plaintiffs in such real estate. This issue was made by a demurrer to the petition. The demurrer was sustained and the petition dismissed. The plaintiffs appeal.—*Affirmed.*

*John McLennan,* for appellants.

*Willard L. King* and *Joseph I. Brody,* for appellees.

EVANS, C. J.—The real controversy is over the construction

of Clause 3 of the will of one E. B. Green, which was as follows:

"Third. I give, devise and bequeath all my real estate of whatsoever kind to my wife, Charlotte Green, to be used and enjoyed by her during the term of her natural life, and from and immediately after her decease, I give and devise the same to the surviving children of my said wife, Charlotte Green share and share alike, to them, their heirs and assigns forever."

Charlotte Green survived E. B. Green as his widow. At the time of the death of E. B. Green, Charlotte Green was the mother of five children, some of which were the children of Green and others were her children by a former marriage. One of her children was Mable Green Sutherland, who survived the testator, but predeceased the widow, Charlotte. If she had survived her mother, she would, without question, have taken one fifth of the estate at her mother's decease. She left surviving her her husband and one child, who are the plaintiffs herein. The question presented is whether the remainder devised to her by Item 3 of the will was a vested remainder or a contingent one. It will be noted that the remainder was devised, not to the surviving children of the testator, but to the surviving children of the life tenant, and was so devised to them as a class. If this provision was intended to describe the class as those children of the mother which should survive the testator, then the remainder was vested. On the other hand, if its effect was to describe the children of the life tenant who should survive her, then the remainder was contingent. We see no escape from the latter construction. Upon such construction, it follows from our previous decisions that a contingent remainder was devised. *Birdsall v. Birdsall* (1912), 157 Iowa 363; *Baker v. Hibbs* (1914), 167 Iowa 174; *Horner v. Haase* (1916), 177 Iowa 115; *McClain v. Capper* (1896), 98 Iowa 145; *Olsen v. Youngerman* 1907), 136 Iowa 404; *Fulton v. Fulton* (1917), 179 Iowa 948. The question has been discussed at considerable length in several of the cited cases, and we can serve no useful purpose in repeating such discussion now. Sufficient to say that the cited cases are controlling of the present one. The judgment below must, therefore, be—*Affirmed.*

PRESTON, STEVENS, and DE GRAFF, JJ., concur.