W. A. WILLIAMSON, Appellant, v. EVA YOUNGS, Appellee.

**WILLS: Construction—Law Governing—Right to Construe Foreign**
**1 Will As to Foreign Realty.** The courts of this state (in the absence of an adjudicating decree in the foreign forum) may construe a foreign will and determine whether foreign real estate passed thereunder, when such construction and determination are necessarily *preliminary* to the determination whether a defendant in an action in this state has received real estate disposed of by said will, and whether, if he has so received it, he is liable therefor to certain creditors.

**WILLS: Estates Created—Contingent Remainder—Remainder ''Upon**
**2 Death'' of Life Tenant.** A devise of a life estate with remainder ''*upon the death of the life tenant*'' to the children of the life tenant and to the issue of any deceased child of the life tenant's, creates a contingent remainder, which vests only ''upon the death of the life tenant.'' It follows that a predeceased child of the life tenant's took nothing under the will.

**Headnote 1:** 15 C. J. p. 742. **Headnote 2:** 40 Cyc. p. 1671.

*Appeal from Jasper District Court.*—D. W. HAMILTON, Judge.

APRIL 7, 1925.

REHEARING DENIED OCTOBER 2, 1925.

ACTION at law, to recover approximately $22,000 on account of promissory notes executed and delivered to plaintiff's assignor by the deceased husband of the defendant. The theory on which plaintiff predicates his recovery is stated in the opinion. A demurrer to the petition challenged the right of the plaintiff to recover, under the facts alleged. The demurrer was sustained generally; and, plaintiff having elected to stand on his petition, judgment was entered against him for costs. Plaintiff appeals.—*Affirmed.*

*Cross & Hamill,* for appellant.

*C. O. McLain* and *Richard F. Ryan,* for appellee.

DE GRAFF, J.—The primary questions on this appeal call for a determination of the interest, if any, acquired by the defendant, Eva Youngs, in certain New York real estate, under the will of her husband, Henry Youngs, Jr., and whether that interest, if any was so acquired, has been wrongfully converted by her to her own use, to the injury of the plaintiff, who is the owner of unpaid promissory notes executed by the said Henry Youngs, Jr.

Three persons bearing the name of Henry Youngs are known to this record. For the convenience of identification in this opinion, they may be designated as Henry Youngs of New York, the testator; Henry Youngs of Denver, the life tenant; and Henry Youngs, Jr., of Iowa, the remainderman.

The pleaded facts disclose that Henry Youngs of New York died in 1868, and by the terms of his will, he devised valuable New York real estate to his nephew, Henry Youngs of Denver, for life, with remainder over. The will, so far as material to this case, provides:

"Seventeenth:—I give and devise to my nephew Henry, the son of my brother Oliver Youngs, the following pieces and parcels of land with the appurtenances: [here follows description of four parcels of New York City real estate]. To have and to hold the said lastly described four parcels of ground to my said nephew Henry, the son of Oliver Youngs, for and during the term of his natural life; and upon the death of the said Henry, I give and devise the same to his children or other issue in equal portions, or share and share alike, the issue of any deceased child taking the share or portion which his, her or their parent would have taken if living."

When the testator died, the life tenant named in the will had no children; but subsequently, two daughters and a son were born to him. The son, known as Henry Youngs, Jr., of Iowa, was the husband of the defendant in this case.

Henry Youngs, Jr., was born in 1872. He died in Jasper County, Iowa, in February, 1917. He left no issue. The life tenant, Henry Youngs of Denver, died in 1922. Under the terms of the will of Henry Youngs, Jr., of Iowa, all of his property was bequeathed and devised to his widow, Eva Youngs. She qualified as executrix, and settled the estate of Henry

Youngs, Jr., the will having been duly probated in Jasper County, Iowa.

In January, 1917, Henry Youngs, Jr., executed and delivered to the Reasnor Savings Bank, of Reasnor, Iowa, his six promissory notes, aggregating $14,000. These are the notes in suit. They were filed as claims against the estate of Henry Youngs, Jr., and were allowed; but a balance of the principal and interest in the sum of $21,649.64 remained due and unpaid thereon when the instant action was commenced.

Under the terms of the will of the life tenant, Henry Youngs of Denver, who died subsequently to the probating of the will of Henry Youngs, Jr., nearly all of his Denver property was devised to his daughter-in-law, Eva Youngs, defendant herein. A controversy over this will arose between her and the daughters of Henry Youngs of Denver; but a compromise and settlement was made, whereby the daughter-in-law, Eva Youngs, surrendered to the daughters any claim she had to the New York property coming to her through the will of her husband, Henry Youngs, Jr., in exchange for an unquestioned title to the Denver property passing under the will of Henry Youngs of Denver.

Plaintiff then instituted this action, on the theory: (1) that the interest and estate in the New York City property held by the children of Henry Youngs of Denver was a vested remainder, capable of being alienated, and subject to the debts of those children; (2) that it was the duty of the defendant Eva Youngs, as executrix of her husband's estate, to apply this property to the payment of his debts, and that, having failed so to do, and having converted it to her own use, she is liable to the only creditor remaining unpaid, to the extent of the value of the property so received by her, and not to exceed the amount due on the debt; (3) that the laws of the state of New York, where the property is located, provide that an heir or devisee is liable for the debts of the ancestor or testator to the extent of the value of the property so received; and that such law should be enforced in this case, as a matter of comity and interstate recognition of statutory rights.

Unless it may be said that the will of Henry Youngs of New York created a vested remainder in the "children or other issue"

of the life tenant, Henry Youngs of Denver, plaintiff has no
cause of action, and the demurrer was properly sustained.   We
inquire, therefore, whether the remainder created in Article
Seventeen of the will of Henry Youngs of New York is vested or
contingent.

The will in question is a New York will, and it devises New
York real estate.   No question is made, however, relative to the
jurisdiction of the Iowa court to consider and construe the

1. WILLS: con-
struction: law
governing: right
to construe for-
eign will as to
foreign realty.

will of Henry Youngs of New York; and no
claim is made that there has been a   construc-
tion of said will in any court.   Title to real
estate can be determined only in the forum in
.which the land is located (*Olson v. Weber*, 194 Iowa 512); but
whatever holding we may make as to the character of the re-
mainder in the case at bar would not disturb the title of any
person to the real estate situate in New York.   The necessity
for determining the kind of remainder created by the will in
question is preliminary to the question whether the defendant
herein wrongfully converted to her own use property which, in
the first instance, would have been liable for debts owing by
the testator through whom the defendant acquired the alleged
interest.   In passing, it may be further observed that there is
nothing in the law of the state of New York prohibiting a tes-
tator from creating a contingent remainder; and, if language
is used disclosing the intent of the testator to create such a re-
mainder, that intent will govern, and will be enforced by the
courts of New York, as well as of Iowa.   It is the actual intent
of the testator that all courts seek to find and declare.   The state
of Wisconsin, by legislative act, adopted the New York statute
attempting to define vested and contingent remainders, and in
*In re Moran's Will*, 118 Wis. 177 (96 N. W. 367), it is said:

"It follows, necessarily, that in whatever way we view the
will, we have the plain, simple duty to perform of discovering
the intention of the testator and giving effect thereto, since there
is nothing about the testament offending against the law.   In
determining the testamentary intention, we must look only to
the will.   Rules of law may aid in discovering it, but they do
not control or defeat it."

This is simply a recognition that the English language, as

written or spoken, whether in New York, Wisconsin, or Iowa, has the same meaning. In construing the instrument before us, we deem it unnecessary to differentiate definitions; nor will we attempt to create definitions that shall be applicable to all cases.

It is well to observe that there are no words in the will of Henry Youngs of New York that purport in the least to refer to the passing of the title in remainder until the death of the life tenant. It is "upon the death" of the life tenant that possession and enjoyment of the estate arise. It is to "the issue of any deceased child" that the remainder is devised, such issue taking that share which his or her parent "would have taken if living." Provision is made for a substituted gift, and words of survivorship are used and intended. The issue of any deceased child of the life tenant who would take, could not be determined until the death of the life tenant. Henry Youngs, Jr., though born to the holder of the life estate, was born after the will of the testator was probated, and died before the life tenancy had terminated. He left no issue. Therefore, nothing could pass to him or his issue under a will providing that, upon the death of the said Henry, the gift and devise were to be effective.

2. WILLS: estates created: contingent remainder: remainder "upon death" of life tenant.

The prior particular estate and the remainder are one estate in law, a unit of estate; and they must both subsist and be *in esse* at one and the same time, either during the continuance of the prior particular estate or at the very instant of its termination. The testator had the right to give expression in his will to any intention he desired. The words "upon the death" of the life tenant cannot, by any possibility, be construed to mean before or upon the death of the testator. If the child or children of the life tenant survive him, the remainder would then vest in him or them surviving. If a child should die prior to the death of the life tenant, and leave living issue at the time of the death of the life tenant, such issue should have the same quality and quantity of estate that the deceased parent would have had, if living at the time of the death of the life tenant. This did not happen. At the time the testator Henry Youngs of New York executed his will, in 1860, he knew that the life

tenant, Henry Youngs of Denver, had no "child or issue," and this knowledge of the absence of issue of the life tenant remained with the testator until the time of his death. What was said by him in his will, so far as the creation of a remainder upon the death of the life tenant is concerned, was written in anticipation that his nephew, Henry, the life tenant, might be the parent of a child or children; and if so, upon the death of the life tenant such child or children would take a remainder interest; but if such child or children died, and had issue living at the time of the life tenant's death, then such issue should take. Plainly, this was a contingency. The final vesting of the estate, free from any condition that would defeat the remainder, cannot be determined until the death of the life tenant. No inheritable or indefeasible estate in remainder vested in anybody until the death of the owner of the prior particular estate; and the vesting at that time was conditioned upon survival. Only upon the happening of the event, to wit, the death of the life tenant, may it be known who are entitled to share in the testator's bounty. No one was in existence and ascertained at the commencement of the life tenancy under the will of Henry Youngs of New York, and it could not be ascertained, at that time or during the existence of the life estate, who would be *in esse*, capable of taking upon the death of the life tenant. An estate is vested where there is some person *in esse*, known and ascertained, who, by the will or deed creating the estate, is to take and enjoy the estate upon the expiration of the existing particular estate, and whose right to such remainder *no contingency can defeat*. A remainder is contingent when it depends upon the happening of a contingent event whether the estate limited as a remainder shall ever take effect at all. 2 Washburn on Real Property (4th Ed.) 541. See, also, the following texts on real property: 2 Pingrey, Section 995; Tiedeman (Enlarged Ed.), Section 397; 1 Tiffany (2d Ed.), Sections 135, 136; 2 Greenleaf's Cruise 228; 2 Crabb 636 (55 Law Library 636); Challis (3d Ed.) 74; Williams (23d Ed.) 390; 1 Fearne on Remainders 216.

We discover no special conflict of definition of contingent and vested remainders at common law. Whatever trouble and conflict have arisen, are not due to definition, but to the appli-

cation of terms to the particular case. We will do no more in this opinion than to cite our prior decisions in which the language used by the testator is similar to the language used in the will under consideration, and in which cases a like conclusion was reached. *In re Will of Wolber,* 194 Iowa 311; *Birdsall v. Birdsall,* 157 Iowa 363; *Olsen v. Youngerman,* 136 Iowa 404; *Baker v. Hibbs,* 167 Iowa 174; *Horner v. Haase,* 177 Iowa 115; *Taylor v. Taylor,* 118 Iowa 407; *Fulton v. Fulton,* 179 Iowa 948.

In the instant case, the class of children with right of survivorship were the children of the life tenant who should survive him; and, under the ruling of *Sutherland v. Green,* 191 Iowa 711, a contingent remainder resulted. In the instant case, the contingency contemplated by the testator did not happen, and the remainder never vested in the son Henry or his issue.

There is no occasion to enter into a discussion of any other proposition involved in this case. The demurrer was correctly ruled, and the judgment entered thereon is—*Affirmed.*

EVANS, ARTHUR, and ALBERT, JJ., concur.

FAVILLE, C. J., and STEVENS and VERMILION, JJ., agree that the remainder in the case at bar is contingent, and they therefore concur in the result.