E. G. SCOFIELD, Appellee, v. MARY L. HADDEN et al., Appellees; MONTRAVILLE P. MIGHELL et al., Appellants.

JUNE 26, 1928.

REHEARING DENIED SEPTEMBER 28, 1928.

*Jacobs & McCaulley,* for appellants.

*Whitney & Whitney,* for E. G. Scofield, Hull Scofield, Elizabeth Scofield, and Edna Scofield, appellees.

*Bailie & Edson,* for Lane-Moore Lumber Company and George J. Schaller, Executor, appellees.

WAGNER, J.—This is a partition suit, involving 200 acres of real estate situated in Buena Vista County, Iowa, described  as the northeast quarter of the northeast quarter of Section 17 and the southeast quarter of Section 8, all in Township 92 north, Range 37 west of the 5th P. M. This real estate was

owned, at the time of his death, by David Scofield, who, on January 14, 1883, died testate, a resident of Lee County, Illinois.

The last will and testament of David Scofield was executed October 5, 1882. By the first paragraph of his will he devised to his wife, Betsy B. Scofield, certain real estate in Lee County, Illinois, "to be used and enjoyed by her during the term of her natural life." By the second, third, fifth, and sixth paragraphs of his will he devised certain real estate, a portion of which is situated in Illinois, and a part of which is in Iowa, to each of his four sons, David W. Scofield, Hull Scofield, Elija G. Scofield, and Seeley Scofield, the limitation on each devise being, "to be used and enjoyed by him during the term of his natural life." By the fourth paragraph of his will he devised unto his daughter, Nancy J. Mighell, the real estate involved herein, the same "to be used and enjoyed by her during the term of her natural life." The remaining provisions of his will are as follows:

"Seventh, I hereby direct and order that all the devises of real estate hereinbefore made to my said children shall, at the time of their death, descend to and become the property of their and each of their children respectively to be held and enjoyed by them (my children's children) and their and each of their heirs and assigns forever, provided however that in case either of my said children shall die without issue then in that case the said real estate so hereinbefore devised to them shall descend to and become the property of my other children to be held and enjoyed by them and their heirs and assigns forever.

. "And lastly, I give devise and bequeath all the rest residue and remainder of my real and personal estate of every name and nature whatsoever to my said wife Betsy B. Scofield whom I hereby appoint sole executrix of this my last will and testament."

Nancy J. Mighell died testate June 7, 1925, leaving no issue surviving her at the time of her death, and leaving the defendant and cross-petitioner, Montraville P. Mighell, as her surviving husband. In her last will and testament she provides as follows:

"Subject to the payment of all my just debts and funeral expenses, I will, devise and bequeath, to my beloved husband,

Montraville P. Mighell, all the estate of which I may die seized and possessed, both real and personal, to do and dispose of as he may deem fit during the whole of his natural lifetime; unless he should marry again, in which case said property, if any remains at that time, shall descend to my heirs at law.''

Nancy J. Mighell and her husband, Montraville P. Mighell, were the parents of two daughters, to wit, Maude Mighell, born in 1881, and Hazel Mighell, born in 1885, both of whom died in 1895, prior to the time of the death of their mother, Nancy J. Mighell, said two daughters leaving no lineal descendants, and leaving their mother and father as their sole heirs at law.

At the time of the death of Nancy J. Mighell, she was survived by her brothers, Hull Scofield and E. G. Scofield, and also by Mary L. Hadden and David C. Scofield, who were children of David W. Scofield, brother of Nancy J. Mighell, the said Mary L. Hadden and David C. Scofield being the only surviving heirs of their father, David W. Scofield, who died January 8, 1893.

Hull Scofield, named as defendant in the original petition, afterwards joined with the plaintiff, his brother, E. G. Scofield, in asking for a partition of the real estate herein involved. The defendant Montraville P. Mighell, by way of cross-petition, claims a fee title to said real estate, and asks that his title thereto be quieted in him. The remaining parties to this suit, other than those hereinbefore mentioned, claim some interest in the real estate by way of judgment liens or otherwise, through or against the aforesaid parties.

The facts upon which the defendant and cross-petitioner, Montraville P. Mighell, claims title are as above set out, and are fully averred in his answer and cross-petition. The plaintiff, E. G. Scofield, and the defendant Hull Scofield, and their respectives spouses, attack the answer and cross-petition by proper motion to dismiss, which motion is a substitute for what was formerly known as an equitable demurrer. The court sustained said motion to dismiss the answer and cross-petition of the defendant Montraville P. Mighell, and he refused to further plead, and decree was rendered against him, dismissing his cross-petition and granting partition, as prayed by plaintiff and those joining with him. From this action by the trial

court the defendant and cross-petitioner, Montraville P. Mighell, has appealed.

It thus becomes manifest that we have no issues of fact to determine, and that the sole matter of controversy is one of law, and must be determined by a construction of the will of David Scofield, deceased. The contention of the appellant is that, under the will of David Scofield, upon his death, appellant's wife, Nancy J. Mighell, took a life estate in the real estate herein involved and hereinbefore described, and that their daughter, Maude Mighell, became seized of a vested remainder therein, subject only to open and let in Hazel Mighell, subsequently born, in 1885; and that, upon the birth of Hazel Mighell, his said two daughters were the owners of said real estate, by way of a vested remainder; and that, upon their respective deaths, without issue, in 1895, he and his wife, by inheritance, each became the owner of an undivided one-half interest in said real estate; and that, under the terms and provisions of the will of his deceased wife, he has become the owner of her undivided one-half interest therein; and that he is now the absolute owner in fee simple thereof.

The contention of the appellees is that Nancy J. Mighell was the owner of a life estate in the real estate in controversy, but that no child or children of hers had any vested right or interest in said real estate upon the death of David Scofield, and that the interest of the children of the life tenant therein was contingent upon their being alive at the date of the death of their mother, when, and only when, they claim that the title was to pass to and vest in said children; and that, since there were no children of Nancy J. Mighell's alive at the time of her death, the title to this real estate passed to the "other children" of the testator, as provided by the will.

Thus we have the contention, upon the one hand, that the remainder provided for by the will is vested, and upon the other, that it is contingent. Our duty is to discover the intention of the testator, as his intention must prevail; and in determining said intention, we must look only to the will and the admitted facts. Rules of law may aid in discovering the intention, but they do not and cannot thwart or defeat it. *Williamson v. Youngs,* 200 Iowa 672.

In the examining of the seventh paragraph of the will

of David Scofield, hereinbefore quoted, the question naturally arising is, When were the children of Nancy J. Mighell to become the owners of the real estate? And the answer must be, "At the time of her death;" for the will provides that the real estate in which Nancy J. Mighell is given a life estate *shall, at the time of her death, descend to and become the property of her children.* It thus becomes manifest that it was not to become the property of any child or children of Nancy J. Mighell's at any time prior to the time specified in the will when it should become her, or their, property. In *Williamson v. Youngs*, 200 Iowa 672, the will provides:

"I give and devise to my nephew Henry, the son of my brother Oliver Youngs, the following pieces and parcels of land with the appurtenances: [Here follows description of four parcels of New York real estate]. To have and to hold the said lastly described four parcels of ground to my said nephew Henry, the son of Oliver Youngs, for and during the term of his natural life; and upon the death of the said Henry, I give and devise the same to his children or other issue in equal portions, or share and share alike, the issue of any deceased child taking the share or portion which his, her or their parent would have taken if living."

And we held in said case that no words in the will of the testator purport in the least to refer to the passing of the title in remainder until the death of the life tenant.

In *Sutherland v. Green*, 191 Iowa 711, the will provides:

"I give, devise and bequeath all my real estate of whatsoever kind to my wife, Charlotte Green, to be used and enjoyed by her during the term of her natural life, and from and immediately after her decease, I give and devise the same to the surviving children of my said wife, Charlotte Green, share and share alike, to them, their heirs and assigns forever."

We there held that the effect of the foregoing provisions of the will was to describe the children of the life tenant who should survive her, and that, therefore, the remainder was contingent.

The will now before us for construction provides not only that the real estate herein involved shall, at the time of the

death of Nancy J. Mighell, descend to and become the property of her children, but also, in substance and effect, that, if Nancy J. Mighell shall die without issue, then and in that case, the said real estate shall descend to and become the property of his other children and their heirs. The testator, by this language of his will, provided a substitution for the children of Nancy J. Mighell, in the event that she died without issue. It is thus clearly manifest that he did not intend anybody to take the title to this real estate until the death of Nancy J. Mighell, and intended that, if at that time she had any child or children surviving, it should become their property, and if at that time she had no issue surviving, it should then become the property of his other children and their heirs. It is quite apparent from the seventh paragraph of the will hereinbefore set out that the testator's intention was to provide that the property, upon the death of Nancy J. Mighell, should go only to those of his own blood.

The appellant contends that the devise to the child or children of the life tenant was *in praesenti,* and the enjoyment alone was postponed, and invokes the rule in his behalf that, when the devise is to a remainderman ''upon,'' ''from or after,'' ''at or upon,'' the death of the life tenant, or words of like import, such words ordinarily are employed as indicating the time when the estate is to be enjoyed, and are not to be construed as relating to the time of the vesting of the estate. This rule does not obviate the right of the testator to make the gift or devise take effect at the time of the death of the life tenant, or exact a construction that this has not been done, when the intent to make the devise take effect at that time clearly appears from the context of the will. See *Horner v. Haase,* 177 Iowa 115.

We hold that it is apparent from the context of the will before us that the testator intended the devise to the remaindermen to take effect upon, and not before, the death of the life tenant; for the will provides that the real estate shall descend to and *become the property of the children of the life tenant upon her death*; and then, to make it doubly sure, by a proviso he adds, in substance, that, if his daughter, Nancy J. Mighell, shall die without issue, then and in that case, the real estate

shall descend to and become the property of his other children, and thus provides a substitution of his other children, who shall become the owners of the real estate at the time of the death of Nancy J. Mighell, in the event that she left no children or issue surviving her.

A further contention of the appellant's is that the words "provided, however, in case either of my said children shall die without issue, in that case the said real estate so hereinbefore devised to them shall descend to and become the property of my other children," etc., mean, "in the event that they (his children) should die before the time of the death of the testator occurred." Even if that were true, the remainder would still be contingent, because, by the plain provisions of the other language of the will, it was not to become the property of the children of Nancy J. Mighell until her death. It is true that we have held that, where property is devised in terms indicating an intention that the primary devisee shall take the fee on the death of the testator, coupled with a devise over in case of his death without issue, the words refer to death without issue during the lifetime of the testator, and the primary devisee surviving the testator takes an absolute estate in fee simple; but this rule is applied only in cases where the intention of the testator is not shown to be otherwise, as such intention is gathered from the words of limitation read alone, or in connection with the other provisions of the instrument, and in the light of the surrounding circumstances. In other words, if the will itself, properly and fairly construed, shows that the testator meant the death of the primary devisee after his own, then this rule will not govern. *Collins v. Collins,* 116 Iowa 703. But this rule, sought to be invoked by the appellant, has no application to the instant case, for the life tenant is not the primary devisee. Nancy J. Mighell was given only a life estate, and the primary devisees of the fee are the remaindermen, the children of Nancy J. Mighell at the time of her death. Moreover, as hereinbefore stated, it is plainly apparent that the testator intended that, when his daughter, Nancy J. Mighell, died, that terminated her life estate, and that, if she died without issue, then the real estate in controversy should go to his other children.

We see no reason in this case for writing a lengthy disser-

tation upon the law relative to vested and contingent remainders. As stated, with reference to this subject, in *Williamson v. Youngs,* supra:

"Whatever trouble and conflict have arisen, are not due to definition, but to the application of terms to the particular case."

We have by our cases consistently held to the doctrine that, if the effect of the will, as determined by the intent of the testator, from all of its provisions, is to convey the property at the time of the death of the life tenant to the children who should survive the life tenant, then the remainder is contingent, and not vested. See *Sutherland v. Green,* supra; *Williamson v. Youngs,* supra; *Fulton v. Fulton,* 179 Iowa 948; *Baker v. Hibbs,* 167 Iowa 174; *Horner v. Haase,* supra; *In re Will of Wolber,* 194 Iowa 311; *Birdsall v. Birdsall,* 157 Iowa 363; *Olsen v. Youngerman,* 136 Iowa 404; *Taylor v. Taylor,* 118 Iowa 407; *McClain v. Capper,* 98 Iowa 145.

The appellant makes the further contention that the testator was a resident of Illinois at the time of the execution of the will and of his death, and that the law of Illinois should govern, or be applied, in the construction of certain terms used in the will. But the conclusive answer to this contention of the appellant's is that the construction of instruments affecting real estate, as well as their force and validity, is governed exclusively by the *lex rei sitae.* In *Olson v. Weber,* 194 Iowa 512, we said:

"It is a universal rule that title to real estate can be determined only in the forum in which the land is located. If this were not true, no landowner within that forum would ever be certain of his title. * * * The disposition of real property, whether by purchase or descent, is subject to the government within whose jurisdiction the property is situated."

We deem it unnecessary to prolong this opinion. It follows that, since neither of the children of Nancy J. Mighell survived her, they never became seized of any interest in the real estate in controversy; and since they never had any interest in the real estate in controversy, Nancy J. Mighell and Montraville P. Mighell, the mother and father, inherited no interest therein

from them, and Montraville P. Mighell obtained no interest by reason of the will of his wife, for she had no interest to convey thereby.

Therefore, the action of the trial court in sustaining appellee's motion to dismiss appellant's answer and cross-petition was correct, and its action in sustaining said motion, and the decree of the lower court, are hereby—*Affirmed.*

STEVENS, C. J., and EVANS, ALBERT, and KINDIG, JJ., concur.

FAVILLE, J., not participating.