IN RE ESTATE OF JANE P. THOMAS.

No. 42948.

JUNE 21, 1935.

McCoy & McCoy and Irving C. Johnson, for appellants.

Thomas J. Bray and J. A. Shearer, for appellees.

ALBERT, J.—Jane P. Thomas died on the 24th day of October, 1931, leaving a will and codicil which were duly admitted to probate; and the parties nominated therein were duly appointed and qualified as executors.

The material part of said will (which consisted of twenty-six paragraphs), so far as this matter is concerned, is as follows:

In paragraph 6 certain specific personal property was bequeathed to Mary R. Montgomery (a niece). In paragraph 7 a graphophone, or any similar musical instrument which testatrix may own, together with all records belonging thereto, is bequeathed to John Jay Marmon (a nephew). In paragraph 8 all of decedent's wearing apparel is bequeathed to Mary E. Marmon (a sister). In paragraph 9 three rugs and the dining room chairs are bequeathed to Gertrude Marmon (a niece). In paragraph 10 the hall rack and glass in the front hall are bequeathed to Thomas Marmon (a nephew). In paragraph 11 a single bedstead is bequeathed to Thomas S. Montgomery (a nephew). In paragraph 12 certain furniture and bedding are bequeathed to Olonzo M. Montgomery (a nephew). In paragraph 13 a walnut bedstead and bedding, a bureau, and a davenport are bequeathed to S. E. Montgomery (a nephew). In paragraph 14 a brass bed and a rug are bequeathed to Ruth Helen Marmon (a niece). Paragraph 16 provides a trust in the hands of the executors of $2,000, for the benefit of Albert Bryan. In paragraph 17 the sum of $2,000 is bequeathed to Lewis Miller, provided he survives the deceased, and is living at the time the will is admitted to probate. In paragraph 19 the sum of $1,000 is bequeathed to Walter C. Stewart, if he survives the deceased. In paragraph 20 the sum of $1,000 is bequeathed to Irvin C. Stewart, if he survives the deceased. In paragraph 21 the executors are directed to divide in kind, as nearly as possible, among the residuary legatees named in the will, all the furniture, beds, bedding, chairs, tables, rugs, and carpets not otherwise specifically disposed of.

''Twenty-second: All the residue and remainder of my property, personal or real, I will, devise and bequeath to the following persons, to wit:

''Jacob A. Montgomery
''Olonzo M. Montgomery
''Thomas S. Montgomery
''Simon Eprite Montgomery
''Mary R. Montgomery
''Gertrude Marmon
''Thomas Marmon

"John Jay Marmon

"Ruth Helen Marmon

to each an equal share, except that Olonzo M. Montgomery shall have a share and a half, that is, he shall have one-half more than anyone of the other persons mentioned in this paragraph, and if any of said persons shall be deceased at the time of the distribution of my residuary estate, then the share otherwise passing to said deceased persons shall go to his or her issue, or if said person shall die leaving no issue, then said share shall go to the survivors among said persons mentioned in this paragraph in the same proportion as first herein directed.

"Twenty-sixth: In the distribution of my property in this will, I am not unmindful of the fact that I have made no provision for the children of my sister, Delia Downey, but I feel that they and their parents have heretofore received all at my hands that I desire to give them.''

This will bears date of the 16th day of February, 1927.

On the 12th day of September, 1931, the deceased executed the following codicil:

"I, * * * do make, publish and declare this the first codicil to my last Will and Testament dated Feb. 16th, 1927, that is to say:

"The sixteenth paragraph I desire the amount changed from Two Thousand to Five hundred dollars.

"The seventeenth paragraph I desire the amount changed from Two Thousand to One Thousand dollars.

"The nineteenth paragraph I desire the amount changed from One Thousand to Five Hundred dollars.

"The twenty-second paragraph I desire changed and the following named children of my sister added as residuary legatees and devisees, to wit: Jennie Downey, Grace Landmesser, Roscoe Downey and Orr Downey, it being my intention to divide my estate among all my nieces and nephews. All real estate to be sold and proceeds divided.

"The twenty-sixth paragraph shall be omitted entirely as I have in this codicil made provision for my said sister's children.

"In all other respects my said original is by me fully ratified and confirmed.''

The deceased, through her sister Sarah Montgomery, had six

nieces and nephews, five of whom are named in paragraph 22 of the will. A nephew named Jesse W. Montgomery is not named at any place either in the will or codicil. Through another sister, M. Ellen Marmon, deceased had four nieces and nephews, all of whom are named as beneficiaries under the will in paragraph 22 of the will. Through another sister, Delia B. Downey, deceased had five nieces and nephews, all of whom are named in the codicil to the will. Through a brother, W. W. Stewart, the deceased had five nieces and nephews, two of whom are beneficiaries under the will, and three of whom are not named in the will, to wit, Emma Stewart, Wayne Stewart, and Myra Stewart.

To summarize: The deceased had twenty nieces and nephews, sixteen of whom are named as beneficiaries under the will; thus omitting four, to wit, Jesse W. Montgomery (Jesse W. Stewart), Emma, Wayne, and Myra Stewart.

It is the contention of the appellees that the clause in the codicil to the will means exactly what it says, and that there is nothing in the will or codicil that requires judicial construction. It is the further contention of the appellees that, under judicial construction, the clause "all my nieces and nephews" could be construed only as meaning all twenty of the nieces and nephews who survive the testatrix. The application under consideration was made by Emma, Wayne, Walter C., Myra, and Ervin Stewart, claiming that in the distribution of the property belonging to said estate each of them is entitled to one-twentieth of the property remaining in said estate after the payment of special bequests, debts of the estate, and costs of administration. The district court so ordered. Hence this appeal.

It is stipulated in the record that Jesse W. Montgomery is also known in the record as Jesse W. Stewart.

The record is somewhat confusing, in that among the children of W. W. Stewart appears the name of Ervin Stewart, who is admittedly a child of W. W. Stewart and Nellie Stewart; W. W. Stewart being a brother of Jane P. Thomas.

In the twentieth paragraph of the will a bequest of $1,000 is made to Irvin C. Stewart, to be held by his father, W. W. Stewart, until he reaches the age of twenty-four years. As nearly as we can gather from the record, and under the doctrine of *idem sonans,* Ervin Stewart and Irvin C. Stewart, refer to one and the same party.

All these nieces and nephews were living at the time of the

death of Jane P. Thomas, and also at the time of the trial in the lower court.

It is a fundamental doctrine in the construction of wills that, where the language is plain and unequivocal, there is no room for construction. Smith v. Runnels, 97 Iowa 55, 65 N. W. 1002; Jordan v. Hinkle, 111 Iowa 43, 82 N. W. 426; Scott v. Scott, 132 Iowa 35, 109 N. W. 293; Guilford v. Gardner, 180 Iowa 1210, 162 N. W. 261. In other words, where the language is clear, both in expression and meaning, rules of construction are inapplicable. It is also fundamental that, where there is a will and a codicil, the codicil is welded into the will, becomes an integral part thereof, and, in determining the intent of the testator, the will and codicil are to be read together as one instrument. Porter v. Tracey, 179 Iowa 1295, 162 N. W. 800; In re Estate of Carpenter, 166 Iowa 48, 147 N. W. 175. We therefore, in determining the question involved herein, must look upon and treat the will and codicil as one instrument. It is also a fundamental doctrine that, in thus considering the document, the question to be determined is what was the intent of the testator; and when that is determined, it is controlling. The point raised here is that, by reason of the clause in the codicil which, after adding certain named parties to the residuary clause (paragraph 22), reads: "It being my intention to divide my estate among all my nieces and nephews," language could not be clearer as to what the intent of this testatrix was. We know of no rule which would require the application of the rules of construction to an expression of this kind. She evidences in words that her intention is that all her nieces and nephews shall share as residuaries.

We said, in In re Estate of Clifton, 207 Iowa 71, 218 N. W. 926, that in the construction of a will the court must ascertain the testator's purpose and give effect to it. In Scofield v. Hadden, 206 Iowa 597, 220 N. W. 1, we said: "Our duty is to discover the intention of the testator, as his intention must prevail." In In re Estate of Dodge, 207 Iowa 374, 223 N. W. 106; "Every clause and word in a will should be given meaning." In In re Will of Richter, 212 Iowa 38, 234 N. W. 285: "The intent of the testator must be gathered from the entire will." In Brown v. Brown, 213 Iowa 998, 240 N. W. 910: "The will must be construed as an entirety and effect given as far as possible to each provision."

Applying these prior pronouncements of this court to the

instrument before us, it is our conclusion that the residuary estate provided for in this will should be divided among the twenty nieces and nephews of the testatrix.

The district court, however, overlooked one provision of the will, which provides that Olonzo Montgomery should have a share and a half: "that is, he shall have one-half more than anyone of the other persons mentioned in this paragraph." While the twenty nieces and nephews are to participate under this residuary clause, the court erred in holding that the estate was to be divided into twenty equal shares. To determine the share of each, therefore, instead of dividing the estate into twenty shares, it should be divided into twenty and one-half shares, and the quotient thus obtained will represent the share to which each of the nineteen nieces and nephews is entitled; and the balance will represent the share to which Olonzo is entitled.

As thus modified, the judgment is affirmed.—Modified and affirmed.

ANDERSON, C. J., and DONEGAN, PARSONS, RICHARDS, and HAMILTON, JJ., concur.